Mr. Brent Haltom, Prosecuting Attorney Eighth Judicial District South Miller County Courthouse, Room 6 Texarkana, AR 72854
Dear Mr. Haltom:
You have requested my opinion concerning the filling of a vacancy in the office of mayor in a city of the second class.
You indicate that the mayor of the City of Stamps recently passed away, thus creating a vacancy in the position. At the regularly scheduled council meeting, the six member council was present. A sitting member of the council was nominated to be appointed to fill the vacancy. When the vote was taken, the nominee was not permitted to vote. The results of the vote were that three aldermen voted in favor of the appointment, one alderman voted against the appointment, and one alderman abstained from the vote.
In light of these circumstances, you have presented the following questions:
 Is a majority vote of all the aldermen required to fill the vacancy in the office of mayor, or is a majority vote of the remaining members sufficient to fill the vacancy? Would three votes "for" the nominee constitute a majority of a quorum of the whole number of the governing body? Does the single abstention have any bearing on the calculation of either the quorum or the majority vote?
RESPONSE
It is my opinion that a majority vote of the remaining aldermen is required to fill the vacancy in the office of mayor. However, the votes in favor of the nominee must constitute a majority of a quorum of the whole number of aldermen. Thus, in the situation you have described, three votes would be required to fill the vacancy. Because three aldermen voted in favor of the nominee, the abstention vote has no bearing on the outcome. I will explain these conclusions more fully below.
The issue of the filling of a vacancy in the office of mayor in cities of the second class is addressed by two statutes. One of these is A.C.A. §14-44-106, which addresses the issue in general terms, stating:
 Whenever a vacancy shall occur in the office of mayor in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to either elect, by a majority vote of the aldermen, a mayor to serve the unexpired term or call for a special election to be held in accordance with § 14-42-206
to fill the vacancy. At this election, a mayor shall be elected to fill out the unexpired term.
A.C.A. § 14-44-106.
This general statement does not answer the question you have raised. Your question is answered by the more specific statute on the subject, A.C.A. § 14-42-103, which governs municipalities of all classes. It states:
 (a) Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy.
 (b) The governing body may appoint any qualified elector, including members of a governing body, to fill the vacancy. However, a member of the governing body shall not vote on his own appointment.
A.C.A. § 14-42-103. Accord, Ops. Att'y Gen. Nos. 96-328; 94-102; 93-286.
When I apply this statute's guidelines to the situation you have described, I must conclude that a majority vote of the remaining five members would be sufficient to fill the vacancy. However, the votes in favor of the nominee must constitute a majority of a quorum of the whole number of aldermen.
Although the statutes do not specify the number of aldermen required to constitute a quorum of the city council in cities of the second class, it is reasonable, in my opinion, to conclude that a majority of the whole number of aldermen is necessary to constitute a quorum of the city council in cities of the second class. This is the requirement in all other classes of cities and towns. See A.C.A. § 14-43-501(a)(2)(A) (cities of the first class); A.C.A. § 14-45-101(b) (incorporated towns); A.C.A. § 14-47-123(a)(1) (cities governed by city manager form of government); A.C.A. § 14-48-120(a)(1) (cities governed by city administrator form of government). See also A.C.A. § 14-55-203(b) (majority of the whole number of aldermen required to pass any by-law, ordinance, resolution, or contract order by any city council).
Under this standard, a quorum of the six regular aldermen is therefore constituted by four aldermen. A majority of this quorum is three. Accordingly, a vote of three aldermen in favor of the nominee is needed to fill the vacancy in question.
In this situation, the fact that one member abstained from the vote does not affect the outcome, since three members voted in favor of the nominee. For a thorough discussion of the effect of abstention votes upon the calculation of the majority, see Op. Att'y Gen. No. 2002-132.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General